UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREEDOM MORTGAGE CORP., <br><br>                              Plaintiff, <br><br>   v. <br><br> MARY DEMACRO-HUDSON, <br><br>                              Defendant. | No. 19-CV-517 (KMK) <br><br> ORDER |

Appearances:

Tracy Fourtner, Esq.
Gross Polowy, LLC
Williamsville, NY
*Counsel for Plaintiff*

Stephen John Vargas, Esq.
Steven J. Baum, PC
Westbury, NY
*Counsel for Plaintiff*

Mary DeMarco-Hudson
Yonkers, NY
*Pro Se Defendant*

KENNETH M. KARAS, United States District Judge:

      Freedom Mortgage Corporation ("Plaintiff") brought this Action against Mary DeMarco-Hudson ("Defendant") to foreclose on a residential mortgage encumbering 164 and 166 Woodland Avenue, Yonkers, New York 10703. (*See generally* Compl. (Dkt. No. 1).) Having settled, Plaintiff now moves to vacate the July 11, 2019, Default Judgment of Foreclosure and Sale and to cancel the Notice of Pendency related to this Action. (Not. of Mot. (Dkt. No. 24); Decl. of Tracy M. Fourtner, Esq. ("Fourtner Decl.") (Dkt. No. 25).)

I. Background

The Complaint alleges that on June 10, 1999, Defendant executed a note in the amount of $245,000.00, which she secured by delivering a mortgage. (Compl. ¶¶ 6–7.) On October 30, 2002, Defendant executed a second note, this time for $47,559.07, which she secured with a second mortgage, and which she consolidated with the first note to form a single lien of $280,000.00. (*Id*. ¶¶ 8–10.) Defendant later defaulted when she failed to make a payment due on July 1, 2016. (*Id*. ¶ 12.) The consolidated note was assigned to Plaintiff on August 30, 2018. (*Id*. ¶ 11.)

Plaintiff initiated this Action on January 17, 2019. (*See* Compl.) Afterwards, Defendant failed to appear, (*see generally* Dkt.; *see also* Certificate of Default (Dkt. No. 10)), and, on July 11, 2019, the Court issued a Default Judgment of Foreclosure and Sale (the "Judgment"), (Dkt. No. 18). Almost four years later, on May 12, 2023, Plaintiff filed the instant Motion to vacate the Judgment. (Not. of Mot.)[1] Plaintiff represents that the Parties entered into a loan modification agreement on May 9, 2023, which operates to settle the case. (Fourtner Decl. ¶ 7.)

II. Discussion

Federal Rule of Civil Procedure 60(b)(5) allows a Court, on a timely motion, to "relieve a party or its legal representative from a final judgment, order, or proceeding" when, among other things, "applying it prospectively is no longer equitable." "Properly applied[,] Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Leeber Realty LLC v. Trustco Bank*, No. 17-CV-2934, 2019 WL 498253, at *3 (S.D.N.Y. Feb. 8, 2019) (alteration in original) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). Although the rule "should be broadly construed to do substantial justice," the Court's "final judgments

---

[1] It is not clear from the Parties' submissions whether Plaintiff ever attempted to conduct a sale.

2

should not be lightly reopened." *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (quotation marks omitted); *see also Sec. & Exch. Comm'n v. Bronson*, 602 F. Supp. 3d 599, 610 (S.D.N.Y. 2022) (same). The movant must, therefore, "adduce 'highly convincing material' in support of the motion." *Leeber Realty*, 2019 WL 498253, at *3 (quoting *United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977)). Rule 60(b) motions are "generally granted" only when that material, or other "exceptional circumstances," are present. *Vasquez v. Fredericks*, No. 15-CV-9528, 2021 WL 1579489, at *1 (S.D.N.Y. Apr. 22, 2021) (quoting *Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)).

"[P]arties are not entitled to vacatur merely because of a subsequent settlement agreement." *Rana v. Islam*, No. 14-CV-1993, 2019 WL 2225847, at *1 (S.D.N.Y. May 23, 2019) (quotation marks omitted) (noting that "[t]he Second Circuit and U.S. Supreme Court have cautioned against vacating judgments following settlements as a matter of course"); *see also Manufacturers Hanover Tr. Co. v. Yanakas*, 11 F.3d 381, 384 (2d Cir. 1993) (declining to vacate judgment post-settlement). Instead, "[i]n determining whether to vacate judgment, a court must balance the benefits of honoring the parties' settlement agreement against the public interest in the finality of judgments and the development of decisional law." *Rana*, 2019 WL 2225847, at *1 (quoting *Austin v. Ford*, 181 F.R.D. 283, 285 (S.D.N.Y. 1998)); *accord E. Sav. Bank, fsb v. Strez*, 320 F.R.D. 9, 10 (E.D.N.Y. 2017).

A. Timeliness

As an initial matter, Plaintiff's Motion is timely. Rule 60(b) simply requires that the motion be filed in a "reasonable time," which depends "on the particular circumstances of the case." *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983). Any delay, moreover, "is a less significant consideration where [as here] adverse interests join in the application." *E. Sav. Bank, fsb*, 320 F.R.D. at 10. Although the Court entered a foreclosure judgment over four

years ago, in July 2019, (*see* Judgment), the circumstances justify Plaintiff's delay.  More than two of those years were consumed by Defendant's Chapter 13 bankruptcy.  (*See* Not. of Bkr. Filing (Dkt. No. 19).)  Dkt., *In re Mary DeMarco Hudson*, No. 19-BK-23578 (S.D.N.Y. Dec. 3, 2021) (closing proceeding).  Additionally, once the Parties reached a loan modification agreement, Plaintiff moved to vacate just three days later.  (*See* Fourtner Decl. ¶ 7 (agreement reached May 9, 2023); Not of Mot. (filed May 12, 2023)).  In the Court's view, that period represents legitimate efforts to reach a resolution, not a "pattern of dilatory conduct," and is therefore reasonable.  *See Sec. & Exch. Comm'n v. Penn*, No. 14-CV-581, 2021 WL 1226978, at *6 (S.D.N.Y. Mar. 31, 2021); *E. Sav. Bank*, 320 F.R.D. at 11 n.10 (finding motion to vacate foreclosure judgment filed one month after the defendant satisfied obligations under settlement agreement to be "well within the 'reasonable time' standard anticipated by Rule 60").

 B.  Vacatur

 The Court finds that, in balancing the settlement against the public interest in finality, the scales tip decidedly in favor of granting the Motion.  At a high level, "in context of foreclosure actions, public policy concerns that 'ordinarily militate against permitting settling parties to contract around a litigated judgment are of little or no relevance,' because here, 'decisional law [is] hardly advanced.'"  *LoanCare, LLC v. Ragusa*, No. 19-CV-1714, 2021 WL 1318024, at *2 (E.D.N.Y. Apr. 8, 2021) (quoting *E. Sav. Bank*, 320 F.R.D. at 11).  Indeed, "[i]f there is a public policy interest of value here, it is that of New York[], which places a very high premium on keeping homeowners in their homes and rehabilitating mortgage lending relationships."  *E. Sav. Bank*, 320 F.R.D. at 11 (citing 77 N.Y. Jur. 2d Mortgages §§ 1, 481).

 On the other side of the ledger, leaving the foreclosure judgment on the books "is no longer equitable" because the Parties "have settled the dispute by way of a loan modification agreement."  *See id.*; *LoanCare, LLC*, 2021 WL 1318024, at *2 (same); *see also CIT Bank, N.A.*

4

*v. Buono*, No. 14-CV-6610, 2019 WL 5895473, at *2 (E.D.N.Y. Nov. 8, 2019) (vacating foreclosure judgment where the parties settled via a "deed in lieu of foreclosure").  Plaintiff, who only stands to gain from the Judgment, wants it gone, and the Judgment's continuing existence only serves to hinder the Parties' relationship.  *See Rana*, 2019 WL 2225847, at *2 ("[T]he fact that [the adverse party] does not oppose relief from the judgment weighs in favor of vacatur."). Additionally, "[n]othing before the Court suggests that the parties are attempting to 'game the system' in some fashion." *LoanCare LLC*, 2021 WL 1318024, at *2; *Am. Home Assur. Co. v. Kuehne & Nagel (AG & CO.) KG*, No. 06-CV-6389, 2010 WL 1946718, at *2 (S.D.N.Y. May 7, 2010).  This case therefore "amply qualifies as one to be treated as an exception to the general rule of preserving the finality of judgments." *E. Sav. Bank*, 320 F.R.D. at 11.

C.  Notice of Pendency

Plaintiff also seeks to cancel the January 23, 2019, Notice of Pendency filed with the Office of the Westchester County Clerk in connection with this Action. (Fourtner Decl. ¶¶ 2, 7.) New York Civil Practice Law § 6514(a) provides that the Court "shall direct [the] county clerk to cancel a notice of pendency . . . if the [A]ction has been settled, discontinued[,] or abated[.]" N.Y.C.P.L.R. § 6514(a); *Ulysses I & Co. v. Feldstein*, No. 01-CV-3102, 2002 WL 1813851, at *17 (S.D.N.Y. Aug. 8, 2002) (same).  Accordingly, because the Parties settled this Action by way of a loan modification agreement, "the Notice of Pendency shall be canceled." *See U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Toney*, No. 17-CV-5516, 2019 WL 3779876, at *3 (E.D.N.Y. Aug. 12, 2019); *see also Ulysses I & Co*, 2002 WL 1813851, at *17 n. 10 ("This Court has the power to cancel Notices of Pendency." (citing *Peddie v. 2436 Marion Ave. Ass'n*, No. 01-CV-1239, 2001 WL 995337, at *2 (S.D.N.Y. Aug. 30, 2001))).

5

### III.  Conclusion

For the foregoing reasons, Plaintiff's Motion is granted.

The Clerk of Court is respectfully directed to vacate the July 11, 2019, Default Judgment of Foreclosure and Sale, (Dkt. No. 18), and to terminate the pending Motion, (Dkt. No. 24).

Additionally, the County Clerk of Westchester County is directed, upon payment of proper fees, if any, to cancel the Notice of Pendency filed with it on January 23, 2019, as to 164 Woodland Avenue, Yonkers, NY 10703, and 166 Woodland Avenue, Yonkers, NY 10703.

SO ORDERED.

Dated:   January 24, 2024
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge